UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>WALSH CONSTRUCTION COMPANY II, LLC, an Illinois Limited Liability Company; and ARCH SPECIALTY INSURANCE COMPANY, a foreign insurer,<br><br>Defendants. | No. 2:22-cv-589<br><br>**COMPLAINT FOR DECLARATORY RELIEF, CONTRIBUTION, AND SUBROGATION** |

COMES NOW Plaintiff Travelers Property Casualty Company of America ("Travelers") and asserts the following Complaint for Declaratory Relief against Walsh Construction Company II, LLC ("Walsh") and for Contribution, Subrogation, and Declaratory Relief against Arch Specialty Insurance Company ("Arch").

**I.  PARTIES**

1.1   Travelers is a foreign insurance company organized under the laws of the State of Connecticut with its principal place of business located in the State of Connecticut.

1.2 At all material times, Travelers was an insurance company engaged in the business of issuing insurance policies and providing insurance coverage to policyholders.

1.3 Walsh is an Illinois Limited Liability Company authorized to conduct business in the state of Washington.

1.4 Arch is a foreign insurance company organized under the laws of the State of Nebraska with its principal place of business located in the State of Missouri.

1.5 At all material times, Arch was an insurance company engaged in the business of issuing insurance policies and providing insurance coverage to policyholders including in Washington state

## II.   JURISDICTION AND VENUE

2.1 Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 et sequent, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2 This Court has jurisdiction over this Declaratory Judgment action pursuant to 28A U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the existence of insurance coverage under the policies of insurance issued by Travelers. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because Travelers has no adequate remedy to resolve the current controversy.

2.3 Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves a dispute over the application of insurance coverage under policies written out of Washington, events and omissions which give rise to this claim occurred in this district, and because all of the Defendants are subject to this Court for personal jurisdiction.

COMPLAINT FOR DECLARATORY RELIEF,
CONTRIBUTION, AND SUBROGATION – 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

### III.   FACTUAL BACKGROUND

3.1    Travelers reasserts paragraphs 1.1 through 2.3 and incorporates the same as though fully set forth herein.

**A.    <u>The Underlying Project</u>**

3.2    King County hired Walsh to serve as the general contractor at King County's South Magnolia Combined Sewer Overflow Control Project (the "Project"). The Project included two new wastewater diversion structures and a CSO storage facility, and a roughly 3,100 lineal foot underground pipe (the "Conveyance Pipe") to convey the overflow wastewater from the upper diversion structure through the lower diversion structure and to the CSO storage tank as needed.

3.3    In 2014, King County and Walsh entered into a contract for the construction of the upper diversion structure and Conveyance Pipe (the "Construction Contract"), attached hereto as Exhibit A.

3.4    The Construction Contract generally required Walsh to perform using its best skills and attention and provided that Walsh was "solely responsible for the proper performance of the Work in accordance with the Contract, including the construction, means, methods, techniques, sequences, procedures, and coordination of all portions of the Work." Exhibit A.

3.5    The Construction Contract further provided that the "Contractor shall be liable for all damages and costs incurred by the County caused by the Contractor's or its Subcontractors' and Suppliers' defective or nonconforming work or workmanship…" Exhibit A.

3.6    The Construction Contract also required Walsh to warrant for a period of one year from the date of Project Substantial Completion that "all Work conforms to the

requirements of the Contract and is free from any defect in equipment, material, design, or workmanship performed by the Contractor or its Subcontractors and Suppliers." Exhibit A.

3.7 Underground Solutions, Inc. ("UGSI") and Walsh entered into a purchase order agreement in August 2014, under which UGSI agreed to furnish to Walsh all materials, equipment, and labor to fully fabricate and deliver 30-inch fusible polyvinyl chloride ("FPVC") pipe and perform fusion services, which would fuse separate lengths of pipe together to form the conveyance pipe.

3.8 Walsh subsequently installed the pipe manufactured by UGSI in December 2014, and UGSI performed fusion services related to joining sections of the pipe. The pipeline was operational as of at least December 2015.

3.9 In late 2016, King County noticed debris in the pipeline and determined that a blockage occurred and that the same was likely due to a break somewhere in the pipeline.

3.10 King County immediately began efforts to repair the damaged Conveyance Pipe. As of September 30, 2020, King County had incurred significant sums to repair and replace the damaged conveyance pipe.

3.11 King County requested Walsh develop a corrective action plan. Walsh proposed to destroy the entirety of the existing Conveyance Pipe and then install a replacement conveyance pipe.

3.12 The damaged Conveyance Pipe was repaired and/or replaced beginning on or about June 13, 2017 and was completed in or around December 2018.

B. **The Underlying Lawsuit**

3.13 On September 30, 2020, King County filed its First Amended Complaint in *King County v. Walsh Construction Company II, LLC et al.,* King County Superior Court Cause No.

20-2-13747-2 SEA (the "Underlying Lawsuit"). Attached hereto as Exhibit B.

3.14   King County alleged breach of contract and breach of warranty for its work done at the Project against Walsh.

3.15   On October 23, 2020, Walsh filed an amended third-party complaint against UGSI and Mears Group, Inc, another subcontractor at the Project. Attached hereto as Exhibit C is Walsh's Third-Party Complaint.

3.16   Walsh maintained various contract-based claims against UGSI as a result of its role in the Project, including breach of contract, breach of contractual obligation to save harmless, failure of the duty to indemnify, and failure of the duty to defend.

3.17   On January 5, 2022, UGSI filed a Motion for Summary Judgment against Walsh in King County Superior Court. UGSI asked the court to dismiss USGI because no party produced admissible evidence supporting claims against UGSI for either the materials supplied or the fusion of the pipe. In the alternative, UGSI requested the court limit UGSI's potential liability to the contract price of USGI's product and services. Attached hereto as Exhibit D is UGSI's Motion for Summary Judgment.

3.18   On February 4, 2022, the court granted UGSI's Motion for Summary Judgment and dismissed UGSI with prejudice. See attached as Exhibit E.

**C.    The Travelers Policies**

3.19   Travelers issued a Commercial General Liability Policy of insurance to UGSI, policy number Y-603-1A33766A-TIL-15 (hereinafter the "14/15 Policy"). The 14/15 Policy provides a limit of $1,000,000 each occurrence, 2,000,000 aggregate, and $2,000,000 products-completed operations aggregate.

3.20   The 14/15 Policy was renewed, and Travelers issued policy number Y-630-

COMPLAINT FOR DECLARATORY RELIEF,
CONTRIBUTION, AND SUBROGATION – 5

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1A33766A-TIL-15 (hereinafter the "15/16 Policy"). The 15/16 Policy provides a limit of $1,000,000 each occurrence, 2,000,000 aggregate, and $2,000,000 products-completed operations aggregate.

  3.21 Both the 14/15 Policy and the 15/16 Policy (together, the "Travelers Policies") consist primarily of Form CG 00 01 10 01:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is or is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.
>
> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

[…]

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

[…]

CG 00 01 10 01.

    3.22   The Travelers Policies also contain Form CG D2 46 08 05:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY**

**BLANKET ADDITIONAL INSURED
(CONTRACTORS)**

1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    **a)** Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    **b)** If, and only to the extent that, the injury or damage is caused by the acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

[…]

CG D2 46 08 05.

3.23 The Travelers Policies contain an "other insurance" provision that states, in pertinent part, as follows:

>  **4.    Other Insurance**
>
>  If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
>
>  **a.    Primary Insurance**
>
>  This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all the other insurance by the method described in c. below.
>
>  **b.    Excess Insurance**
>
>  This insurance is excess over:
>
>  **(1)**    Any of the other insurance, whether primary, excess, contingent or on any other basis:
>
>  (a)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";
>
>  …
>
>  **(2)**    Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.
>
>  When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

> When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
> **(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>
> **(2)** The total of all deductible and self-insured amounts under all that other insurance.
>
> We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
>
> **c.** **Method of Sharing**
>
> If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.
>
> If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

3.24 In addition, the Travelers Policies contains the following provision:

> **8.** **Transfer Of Rights Of Recovery Against Others To Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us to help us enforce them.

**D.** **Travelers' Claims Handling and Defense of Walsh and UGSI**

3.25 Pursuant to the foregoing provisions and as a matter of good faith and fair dealing, Travelers agreed to provide a defense under the Additional Insured Endorsement to

Walsh pursuant to a full Reservation of Rights on December 31, 2020, attached hereto as Exhibit F.

3.26   To date, Travelers has incurred approximately $93,000.00 in attorney's fees and costs defending Walsh in the Underlying Lawsuit.

3.27   Upon information and belief, Arch provided a Commercial General Liability insurance policy to Walsh as a named insured at all times material to the Underlying Lawsuit.

3.28   Arch has failed to pick up the defense of its named insured, Walsh, throughout the pendency of the Underlying Lawsuit.

3.29   In accordance with applicable law, Travelers now brings this claim for Declaratory Judgment seeking a judicial determination that it no longer owes Walsh a duty to defend and that Arch now owes Walsh a full and complete defense as the primary liability insurer.

### IV.   TRAVELERS OWES NO PRESENT OR FUTURE DUTY TO DEFEND WALSH

4.1   Travelers reasserts and incorporates paragraphs 1.1 through 3.29 as though fully set forth herein.

4.2   The Travelers Policies state that Travelers will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. However, Travelers will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

4.3   "Property damage" is defined as physical injury to tangible property, including all resulting loss of use of that property, and loss of use of tangible property that is not physically injured.

4.4     Pursuant to Exclusion - Blanket Additional Insured (Contractors), Travelers owes an obligation to defend and indemnify an Additional Insured only if that Additional Insured's liability is caused by an act or omission of the Named Insured.

4.5     An actual and justiciable controversy exists as to whether Travelers owes Walsh the duty to defend and/or indemnify as an additional insured under the Travelers Policies since its liability is not caused by UGSI.

4.6     There may be additional coverage defenses which preclude some or all coverage obligations owed by Travelers to Walsh. Travelers reserves the right to amend this Complaint to assert additional coverage defenses.

V.     **TRAVELERS SHARES NO PRESENT OR FUTURE DEFENSE AND/OR INDEMNITY OBLIGATIONS WITH ARCH**

5.1     Travelers incorporates by reference and reasserts paragraphs 1.1 through 4.6.

5.2     The Travelers Policies provide that they are primary and other insurance is also primary, that Travelers will share with that other insurance, either pursuant to contribution by equal shares, or pursuant to contribution by limits.

5.3     On information and belief, Arch issued a Commercial General Liability Policy to Walsh covering the pertinent time period.

5.4     An actual and justiciable controversy exists as to whether Arch owes Walsh a duty to defend Walsh as the primary insurer against claims asserted in the Underlying Action.

5.5     An actual and justiciable controversy exists as to whether the allegations in the Underlying Action are covered by the Travelers Policies.

VI.    **CAUSE OF ACTION FOR DECLARATORY RELIEF AGAINST WALSH**

6.1     Travelers reasserts paragraphs 1.1 through 5.5 and incorporates the same as though fully set forth herein.

6.2 Actual and justiciable controversies exist as to whether any current or future defense coverage is owed to Walsh under the Travelers Policies regarding the claims asserted against it in the Underlying Lawsuit.

6.3 Pursuant to and in accordance with 28 U.S.C. § 2201, Travelers requests that the Court grant declaratory relief in its favor and enter a judicial determination that Travelers does not have an obligation to provide a defense to Walsh under the Travelers Policies regarding the claims asserted against it in the Underlying Lawsuit.

## VII. CAUSES OF ACTION AGAINST ARCH

### A. Declaratory Relief

7.1 Travelers incorporates by reference and reasserts paragraphs 1.1 through 6.3 as though fully set forth herein.

7.2 Travelers is entitled to a Declaratory Judgment in its favor in the form of a judicial determination that Arch, and not Travelers, owes a duty to defend Walsh as the primary insurer against the claims asserted against in the Underlying Action.

### B. Contribution and/or Equitable Contribution

7.3 Travelers incorporates by reference and reasserts paragraphs 1.1 through 7.2 as though fully set forth herein.

7.4 Travelers has paid sums for costs and attorney's fees in defending Walsh against the claims asserted in the Underlying Action. Some or all of these costs and attorney's fees should have been paid by Arch.

7.5 Based on the doctrines of contribution and/or equitable contribution, Travelers is entitled to recovery and/or reimbursement from Arch for its proportionate share of the costs and fees incurred by defending Walsh in the underlying action.

**C.     Subrogation**

7.6     Travelers incorporates by reference and reasserts paragraphs 1.1 through 7.5 as though fully set forth herein.

7.7     Based on information and belief, Arch owes Walsh a duty to defend with respect to the claims asserted in the Underlying Action.

7.8     Travelers has so far paid all costs and fees incurred for the defense of Walsh in the Underlying Action. Travelers will continue to pay the costs and fees necessary for the defense of Walsh with regard to the Underlying Action, unless and until this Court enters an order stating that Travelers may withdraw from the defense of Walsh. Some or all of these fees and costs should have been borne by Arch.

7.9     Pursuant to its right of subrogation, Travelers is entitled to reimbursement of fees and costs incurred in defending Walsh with regard to the Underlying Action, as well as any and all further costs and expenses or damages which result from the failure of Arch to defend and indemnify Walsh.

### VIII.   PRAYER FOR RELIEF

Travelers, having alleged the foregoing, does now hereby pray for relief as follows:

1.     For an Order that Travelers owes no current or further future defense obligation to Walsh for any claims asserted against it in the Underlying Lawsuit arising from the subject loss.

2.     For an Order that the Walsh is bound by any judicial declarations in this matter involving the Travelers Policies.

3.     For an Order declaring that the Arch Policy applicable to the claims asserted against Walsh in the Underlying Lawsuit is primary to the Travelers Policy.

4.	For an Order declaring that any insurance provided under the Travelers Policies issued by Travelers is excess over the Arch Policy.

5.	For an Order declaring Travelers' proper share of defense obligations, if any, with respect to the claims asserted against Walsh in the Underlying Lawsuit;

6.	For judgment in an amount to be proven at the time of trial;

7.	For all interest allowed by law;

8.	For attorney fees and costs allowed by statute and law; and

9.	For other and further relief as the Court deems just and equitable.

DATED this 2nd day of May 2022.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
*Attorney for Travelers Casualty Insurance Company of America*