UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer,<br><br>  Plaintiff,<br><br>  v.<br><br>WALSH CONSTRUCTION COMPANY II LLC, an Illinois Limited Liability Company; and ARCH SPECIAL INSURANCE COMPANY, a foreign insurer,<br><br>  Defendants.<br>_____<br>WALSH CONSTRUCTION COMPANY II, LLC, an Illinois Limited Liability Company,<br><br>  Third Party Plaintiff,<br><br>  v.<br><br>GREENWICH INSURANCE COMPANY, a foreign insurer,<br><br>  Third Party Defendant. | CASE NO. 2:22-CV-00589 RSM-BAT<br><br>**ORDER GRANTING MOTION TO SEAL** |

Defendant Walsh Construction Company II LLC ("Walsh") filed a Motion to Temporarily Seal a certain log note designated as "Confidential Material" by Sandy Ngo, an adjuster of Travelers Property Casualty Company of America ("Travelers"). Dkt. 88. Walsh filed the Motion to Seal contemporaneously with its Motion to Amend Pleadings, which references

ORDER GRANTING MOTION TO SEAL - 1

the log note. Dkt. 90; Dkt. 92 (Sealed Document Exhibits A & B to Declaration of Alexander E. Ackel).

Walsh argues the log note should not remain sealed as Travelers failed to comply with LCR 5(b)(3)(B). Travelers maintains the log note should remain under seal because it is "confidential defense material" pursuant to the parties' Stipulated Protective Order (Dkt. 29) governing production in this case. Dkt. 94.

## DISCUSSION

There is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal. LCR 5(g). Where the parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)), which governs the exchange in discovery of documents that a party deems confidential, the party who designated the document as confidential must satisfy subpart (3)(B) in its response to a motion to seal by providing the applicable standard and reasons for keeping a document under seal (*i.e.*, legitimate private or public interests; injuries if document does not remain under seal; and the absence of less restrictive alternatives). LCR 5(b)(3)(B)(i-iii).

The parties' Stipulated Protective Order contains the following definition of "Confidential Defense Materials":

> 2.2 Definition of Confidential Defense Material. "Confidential Defense Material" includes material containing information related to the Underlying Litigation to the extent it is protected from disclosure as work product, privileged, developed in anticipation of litigation, confidential settlement communications, or otherwise protected from disclosure by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or under the comparable procedural and evidence rules applicable in the Underlying Litigation. This includes specifically, without limitation, any information related to the Underlying Litigation in the possession of any insurance adjusters or claims personnel involved in handling the Underlying Litigation on behalf of Walsh…

ORDER GRANTING MOTION TO SEAL - 2

Dkt. 29, p. 3.

Walsh argues Travelers' reliance on this language is conclusory. However, as explained by Travelers, the log note explicitly discusses the underlying litigation and therefore constitutes "confidential defense material" protecting it from disclosure under the parties' Stipulated Protective Agreement.

Based on the foregoing, the Court **GRANTS** the motion to seal for purposes of Walsh's Motion to Amend. In doing so, the Court is not ruling on whether the log note is, in fact, "confidential defense material," thus leaving the issue open for further litigation assuming the parties are unable to amicably resolve the issue. The log note shall remain sealed until the Court orders otherwise.

DATED this 6th of May, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO SEAL - 3