UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WALSH CONSTRUCTION COMPANY II LLC, an Illinois Limited Liability Company; and ARCH SPECIAL INSURANCE COMPANY, a foreign insurer,<br><br>　　　　　　　Defendants.<br>_____<br>WALSH CONSTRUCTION COMPANY II, LLC, an Illinois Limited Liability Company,<br><br>　　　　　　　Third Party Plaintiff,<br><br>　v.<br><br>GREENWICH INSURANCE COMPANY, a foreign insurer,<br><br>　　　　　　　Third Party Defendant. | CASE NO. 2:22-CV-00589 RSM-BAT<br><br>**ORDER GRANTING WALSH CONSTRUCTION COMPANY II, LLC'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM AND THIRD-PARTY COMPLAINT** |

Walsh Construction Company II, LLC ("Walsh") filed a Motion for Leave to Amend Counterclaim against the Travelers Casualty Property of America ("Travelers") and Third-Party Complaint against Greenwich Ins. Co. ("Greenwich"). Dkt. 90-2. Greenwich does not oppose the

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COUNTERCLAIM AND THIRD-PARTY COMPLAINT -   1

proposed amendment. Dkt. 96. Travelers opposes the proposed amendment on the grounds of futility. Dkt. 94. For the reasons stated herein, the Court grants the motion.

BACKGROUND

On May 2, 2022, Travelers filed this insurance coverage dispute against Walsh and one of Walsh's other insurers, Arch Specialty Insurance Co. ("Arch"). Walsh filed Counterclaims against Travelers and a Third-Party Complaint against Greenwich. The parties agreed to stay motion practice and discovery related to all issues other than the duty to defend. Dkt. 51. On July 11, 2023, the Court struck the existing trial date and entered a stay of "all discovery and motion practice related to Walsh's extra-contractual claims and any issues related to indemnity coverage under any policy that is determined to provide Walsh with a duty to defend." Dkt. 52.

The parties proceeded with litigating the duty to defend, with each party filing a motion for summary judgment. While the summary judgment motions were pending, the underlying lawsuit was voluntarily dismissed, thereby rendering the issue of Travelers' ongoing defense obligation moot. On February 7, 2024, the Court ruled on the parties' motions, dismissing Travelers' claims against Arch and holding that Travelers and Greenwich had a duty to defend Walsh in the underlying lawsuit. Dkt. 75; Dkt. 84. The Court also declared "that Greenwich had a duty to defend and breached that duty." Dkt. 75 at p. 21; Dkt. 84.

The parties filed a Joint Status Report on March 22, 2024 (Dkt. 86), in which Walsh stated its intent "to move to amend its counterclaims and Third-Party Complaint to conform to information obtained in discovery, and to clarify the factual and legal basis for its claims against Travelers and Greenwich." Dkt. 86, p. 3. On March 28, 2024, the Court lifted the stay and set April 22, 2024, as the deadline to amend the pleadings. Dkt. 87.

On April 5, 2024, Walsh sent counsel for Travelers and Greenwich a written request to consent to the proposed Amendments. Neither Travelers nor Greenwich responded to Walsh's request.

## WALSH'S PROPOSED AMENDMENTS

Walsh seeks to amend its pleadings to include information acquired during discovery. From Walsh's review of Travelers' claim file, Walsh discovered Travelers Adjuster Sandy Ngo acknowledged that because the underlying lawsuit was filed in Washington, Travelers would likely owe Walsh pre-tender fees and costs. Dkt. 91, Declaration of Alexander E. Ackel ("Ackel Decl."); Dkt. 92, Ex. A (Excerpt of Travelers Claims Notes for Claim No. ACQ6261). But at no point in the handling of Walsh's claim did Travelers ask Walsh about any pre-tender fees and costs or acknowledge that it owed such fees. Walsh incurred over $75,000 in defense fees and costs between the date of filing of the Underlying Lawsuit and the date Travelers agreed to offer a reservation of rights defense to Walsh. Under the Washington Unfair Claims Settlement Practice regulation WAC 284-30-350(1), it is an unfair and deceptive trade practice for an insurer to fail to disclose pertinent policy benefits and coverages to its insured. Accordingly, Walsh seeks to include specific allegations regarding Travelers' failure to act in good faith and in compliance with this regulation. *See* Dkt. 90-2, ¶¶ 50-53, 73-74,77.

Similarly, in discovery of Greenwich's claim file, Walsh learned Greenwich had made no effort to respond to Walsh's tender of defense until it belatedly offered a reservation of rights defense on June 23, 2023 – on the eve of the parties' motions for summary judgment. See Dkt. 45-1 at pp. 23-33. The Court declared as a matter of law that Greenwich breached its duty to defend Walsh. Dkt. 75, p. 21; Dkt. 84. Walsh seeks to amend the factual allegations of its pleadings to account for the fact that neither Greenwich nor Travelers made any effort to inform

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COUNTERCLAIM AND THIRD-PARTY COMPLAINT -   3

1  Walsh that it was entitled to be reimbursed for pre-tender fees and costs. This failure to pay pre-

2  tender fees and costs amounts to a breach of the insurance policy issued by Greenwich and

3  Travelers. Accordingly, Walsh is also seeking to amend its pleadings to include express claims

4  for breach of contract regarding the failure to pay defense fees and costs. Dkt. 90, pp. 3-4

5  DISCUSSION

6  Fed. R. Civ. P. 15(a)(2) provides that after a party has amended a pleading once as a

7  matter of course or the time for amendment has expired, a party may amend only by obtaining

8  leave of court or by consent of the adverse party. Leave to amend should be freely given when

9  justice so requires. *Id.* The grant or denial of leave to amend is within the discretion of the trial

10 court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In general, if the underlying facts or

11 circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded

12 an opportunity to test his claim on the merits. In the absence of any apparent or declared reason –

13 *i.e.*, undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure

14 deficiencies by previously allowed amendments, undue prejudice to the opposing party, or

15 futility of amendment – leave to amend should be freely given. *Id.*, 371 U.S. at 182 (per

16 Goldberg, J.). Perhaps the most important of these factors is the prejudice that will be sustained

17 by the opposing party. *Fosmire v. Progressive Max Ins. Co.*, C10-5291JLR, 2011 WL 4459780

18 at *2 (W.D. Wash. Sept. 26, 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

19 1048, 1052 (9th Cir. 2003).

20 Here, there is no question of undue delay, bad faith, or dilatory motive on the part of

21 Walsh, repeated failure to cure deficiencies by previously allowed amendments, or undue

22 prejudice to Travelers. This is the first amendment sought by Walsh and the motion was filed

23 prior to the current deadline to amend pleadings. Dkt. 87. Walsh also telegraphed its intent to

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COUNTERCLAIM AND THIRD-PARTY COMPLAINT -   4

amend its pleading in the parties' Joint Status Report filed on March 22, 2024 (Dkt. 85) and provided the proposed amendments to Travelers and Greenwich shortly after the Court lifted the stay. Dkt. 91, Ackel Decl., ¶ 3. As previously noted, Greenwich has no opposition to Walsh's proposed amendments. Dkt. 96.

Travelers concedes pre-tender defense costs are recoverable, but argues Walsh already unsuccessfully litigated this issue. Dkt. 94, p. 2. Travelers also concedes defense costs incurred after litigation are recoverable but argues Walsh failed to properly present a claim to Travelers for these costs. Dkt. 94, p. 3.

Walsh's proposed amendment includes more than a breach of contract claim for the recovery of defense costs. The proposed amendment includes factual allegations describing Travelers' obligations under the Washington Consumer Protection Act and alleges Travelers breached those obligations in bad faith by "failing to inform Walsh of pertinent policy benefits and coverages." In addition to pre-tender and post filing defense costs, Walsh also claims Travelers is liable to Walsh for "attorneys' fees and costs incurred to hire an appellate firm to handle Walsh's appeal of King County's summary judgment, the amount Walsh has to pay to satisfy the judgment entered against it in favor of UGSI, and Mears."[1] Travelers does not address these claims in its opposition and fails to explain how these amendments are improper or how it would be prejudiced.

Travelers also argues any breach of contract claim related to its alleged failure to pay Walsh's pre-tender fees are frivolous and futile because this issue was already litigated. This is

---

[1] On April 8, 2022, before Travelers filed this declaratory relief action, Walsh presented a claim for reimbursement of its appellate costs to Travelers. Travelers responded it was not aware of any authorization to the use of Walsh's counsel for the performance of appellate work. See Dkt. 99, Ackel Decl., Ex. A (Email Correspondence between Douglas Persoon and Travelers).

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COUNTERCLAIM AND THIRD-PARTY COMPLAINT -   5

incorrect. On July 6, 2023, Walsh moved for summary judgment against Greenwich (Dkt. 44) and Travelers (Dkt. 48). Magistrate Judge David W. Christel recommended Walsh's Motion against Greenwich—in which Walsh sought an order declaring that Greenwich owed Walsh a duty to defend and that Greenwich violated that duty— be granted fully. Walsh's Motion against Travelers similarly asked for an order declaring that Travelers owed Walsh a duty to defend, but also sought a declaration that Travelers' duty to defend included paying for defense costs incurred between the time of the filing of the underlying action and Travelers' acceptance of the tender with a reservation of rights. Walsh "reserve[d] for future motion practice the issue of . . . the amount of any damages it sustained as a result." Dkt. 48, p. 6.

Although Magistrate Judge Christel found that Travelers had a duty to defend, he found he could not rule as a matter of law that Travelers owed any defense costs because Walsh had failed to cite to the insurance policy or provide proof of when it tendered a claim for the defense costs. Dkt. 75, p. 11; Dkt. 84, p. 2 (Order Adopting)("Walsh's Objections fail to demonstrate that Travelers owes any pre-acceptance defense costs as a matter of law based on the available evidence.")

Moreover, Travelers' concession that it owes some defense costs does not preclude Walsh from including consumer protection and breach of contract claims for all its unpaid defense costs as Walsh's ability to recover damages is constrained by the allegations contained in its pleadings. Because Travelers concedes Walsh is entitled to defense costs, there can be no prejudice to Travelers if Walsh now amends its pleadings to include these claims.

## CONCLUSION

There is no showing of undue delay, prejudice, or futility. The proposed amendments do not substantially alter the theory on which this case has been proceeding nor is there any

ORDER GRANTING MOTION FOR LEAVE TO AMEND
COUNTERCLAIM AND THIRD-PARTY COMPLAINT -   6

indication that addition of the proposed claims will create added expense or additional discovery beyond what is already necessary, or lead to a more complicated or lengthy trial.

Accordingly, it is **ORDERED** that Defendant Walsh Construction Company's Motion for Leave to Amend the Third-Party Complaint against Greenwich and the Counterclaim against Travelers (Dkt. 90) is **GRANTED**. The Clerk shall post the proposed amendment (*see* Dkt. 90-2) as Walsh Const. Co. II LLC's First Amended Counterclaim and Third-Party Complaint.

DATED this 7th day of May, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge